■ In the Matter of ESTELLE DI ROBERTS, as Chairman of the Conservative Party-Rockland County Committee, et al., Appellants, v. WALTER LEVY et al., Respondents.— In a proceeding to invalidate (1) a certificate designating certain persons as candidates of the Conservative Party for various offices in the Town of Ramapo and (2) certificates of the committee on vacancies, designating two persons as such candidates, petitioners appeal from a judgment of the Supreme Court, Rockland County, dated October 14, 1971, which dismissed the proceeding. Judgment affirmed, without costs. This proceeding was not commenced within the 10-day period set forth in subdivision 2 of section 330 of the Election Law. That time limit is jurisdictional (*Matter of Weiser* v. *Power,* 29 A D 2d 640). The proceeding is untimely whether the 10-day period be deemed to run from the date of the party caucus on August 18, 1971 or from the date of the filing of the certificates of nomination on September 20, 1971, as this proceeding was not commenced until October 6, 1971. We have passed upon no other questions. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

## (October 26, 1971)

■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. JESUS RUIZ, Respondent.— Proceeding pursuant to section 298 of the Executive Law to enforce petitioner's order, dated June 9, 1971, finding respondent guilty of racial and color discrimination in housing and directing him to cease and desist from such conduct and to pay $100 damages to the complainant, etc. Petition granted, without costs; and respondent is directed to comply with the order of petitioner, dated June 9, 1971. In our opinion, there is substantial evidence in the record presented to support petitioner's order. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ BUTTONWOOD ESTATES, INC., et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR *inter alia* to compel the issuance of certificates of occupancy, the appeal is from an order of the Supreme Court, Richmond County, dated August 19, 1970, which ordered the issuance of such certificates. Order reversed, on the law, without costs, and proceeding remanded to the Special Term for a hearing and a new determination. In our opinion, a hearing is required to resolve the following issues of fact: (a) Whether the Brookfield Avenue sewer is functioning properly and (b) whether petitioner Buttonwood is a party to the construction of an unauthorized Lamoka-Abington Sewer. Under the circumstances of this case, if these issues are resolved in favor of petitioners, we deem them to be entitled to the issuance of certificates of occupancy. Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.